**Law Office of Evan L. Lipton, P.C.**
**260 Madison Ave, Floor 22**
**New York, New York 10016**
ell@evanliptonlaw.com
**(917) 924-9800**

September 26, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/23/2025___
```

By ECF
Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *United States v. Villafane* (Erika Dawson)**
**21 Cr. 93-VM-25**

**Motion to Modify  Conditions of Pretrial Release by Changing Location Monitoring Leve**
**from 'Home Detention' to 'Home Incarceration'**

Dear Judge Marrero:

 I represent Erika Dawson in the above-referenced matter and write to respectfully request that the Court modify her current level of location monitoring from 'home incarceration' to 'home detention' so that she can leave her apartment for activities approved by Pretrial Services. This application is made at the suggestion of the assigned Pretrial Services officer (Laura Gialanella) and with their consent. Assistant United States Attorney Thomas Wright informs me that the government will oppose it.

 Ms. Dawson, 49 years old, is a lifelong resident of the Bronx. She has no prior record, and strong ties to her community. She lives in the same apartment where she grew up where she cares for two dogs. She is unemployed and receives disability payments from the Social Security Administration. Her son and daughter live nearby, as do all of her friends and relatives. She has never traveled outside of the United States and has only rarely left New York. She has no connections anywhere else. She is dependent on her local medical providers for myriad ▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨. Ms. Dawson was arrested on March 11, 2025, and added to the Indictment as defendant 25 of 27. She was released the same day on a personal recognizance bond of $50,000, home detention with electronic monitoring, and travel restricted to the Southern District of New York. She stays in close contact with Pretrial Services and has been permitted to attend weekly medical appointments, meetings with counsel, and conferences in housing court, always adhering to the assigned schedule.[1] The proposed modification would broaden Pretrial Services' authority by providing discretion to allow Ms. Dawson to leave the apartment for other necessary functions. All other conditions would remain in place.

---

[1] The Court twice approved the removal of the electronic monitoring device so that Ms. Dawson could undergo MRI procedures. *See* Docket Entry Nos. 376, 431.

Hon. Victor Marrero
September 26, 2025
Page 2 of 2

Ms. Dawson resided with her mother until she passed away in 2020. Later that same year ██████████████████████████████████████, leaving her in poor health. The video of her arrest shows a small, cluttered apartment in poor condition—a fourth-floor walk-up lacking air conditioning. She recently encountered a full-size rat in her kitchen. Both the condition and contents of the apartment are consistent with a person living on a low fixed income. She is being treated for ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████.) *See* Letter of Lela Karlawish, ████████████████████ Nurse Practitioner, Attachment A; Letter of Anegela Tewa, Licensed Clinical Social Worker, Attachment B. Ms. Dawson initially managed being confined to her apartment with help from others and money saved from after-school babysitting jobs. This has become increasingly difficult as the pretrial period has extended. She can no longer rely on others to walk her dogs and bring her food. Her health and housing conditions are deteriorating and her inability to work has left her unable to keep up with her rent (she is currently in housing court). Being sedentary and dependent on others for daily functions has exacerbated her already poor physical and ████████ Indeed, her ██████████████s have explicitly stated that allowing reasonable activities is "essential to prevent further deterioration of her psychological well-being." *Id.* Her inability to address basic housing needs, maintain her apartment, or care for her service animals undermines both her health and her ability to prepare for trial.

The requested modification is supported by Ms. Dawson's exemplary compliance record. She has demonstrated over the past six months that she poses neither a flight risk nor a danger to those around her. Her deep roots in the community, lack of criminal history, compliance with conditions of pretrial release, and deteriorating health provide strong grounds for the proposed modification. Further, the distinction between "home incarceration" and "home detention" is significant but measured. Home detention would still require her to remain at her residence except for activities specifically approved by Pretrial Services, maintaining appropriate oversight while allowing essential activities. Given her compliance record and the recommendation of her Pretrial Services officer, this modification represents a reasonable balance between the presumption of innocence and conditions that will "reasonably assure" Ms. Dawson's appearance as required while maintaining the safety of the community.

For the foregoing reasons, I respectfully request that the Court modify Ms. Dawson's current level of location monitoring from 'home incarceration' to 'home detention' so that she may leave her apartment for activities preapproved by Pretrial Services.

Respectfully submitted,

Evan L. Lipton
*Attorney for Erika Dawson*

Cc:    Gov't Counsel
       Pretrial Services Officer Gialanella

Request **DENIED.**

**SO ORDERED.**

Victor Marrero
U.S.D.J.

Dated:   23 December 2025
         New York, New York